Feb. 1840.

Sornberger
v.
Webster
and others.

---

## SORNBERGER *vs.* WEBSTER and others.

A person purchases mortgaged premises at a masters sale and takes an absolute deed thereof, presumed to be under certain trusts for the mortgagor. The purchaser makes an absolute conveyance to a third person, without any notice of such trust. An injunction will not be allowed against such third person to restrain him from entering into possession.

A mortgage against the complainant in favor of Isaac R. Elwood was foreclosed in this court, a decree of sale obtained, and the premises advertised by a master. Before the day of sale the complainant paid $350, and stipulated for a postponement as to the balance, for ninety days. Before the expiration of that time, the defendant, Webster, purchased the decree of Elwood, and after the expiration of the time, caused the premises to be sold under said decree, and Webster became the purchaser for the balance due upon the mortgage.

The bill charges that this purchase of the decree by Webster, and the sale of the premises under it to him, was made by an arrangement with the complainant, so as to vest the title in Webster, as security for his advance, for the benefit of the complainant, and that Webster was to be refunded in the fall of 1839, his money, and convey to the complainant. And that in October, 1839, the complainant made another arrangement with Isaac Simmons, to pay Webster, and take the title to himself under the same understanding, and that Simmons paid a part of the amount and made provision for the remainder. But before the remainder was paid, Webster conveyed his interest to the defendant, Morrison, and repaid Simmons the amount or nearly the amount advanced by him. Morrison having acquired the conveyance, applied to the court for a writ of assistance to put him into possession, but before it was executed the complainant filed this bill and obtained a preliminary injunction, and an order to show cause why an injunction should not issue, restraining him (Morrison,) from taking possession of the property. The arrangement between Webster and the complainant, in relation to the purchase of the decree and the property, was not in writing, but the bill charges that Morrison knew of it.

It now comes on the motion for a permanent injunction on the bill and affidavits for the complainant, and the answer and affidavits for the defendants.

*M. F. Delano*, for complainant.

*R. Haight*, for defendants.

THE VICE CHANCELLOR. The complainant insists that the agreement made between the complain-

Feb. 1840.

Sornberger
v.
Webster
and others.

ant and Webster as to the purchase of the decree, and of the mortgaged premises on the sale under the decree, was, though by parol, an equitable mortgage. It is perhaps not necessary here to decide whether the statement in the bill would constitute a mortgage or not, within the statute of frauds. The deed taken by Webster, on the master's sale, was absolute on its face.

He denies in his answer that he took such deed in any other mode than as an absolute deed. He admits that he was willing to sell to the complainant in preference to others; and both Webster and Morrison deny that Morrison knew of any arrangement, understanding, trust or condition between Webster and the complainant, at or before the time when Morrison took a conveyance from Webster. This, it seems to me, must decide the question upon this motion. I do not conceive, in such cases as this, that the fact of the complainant's remaining in possession, is strong notice of any equitable interest in the complainant.

But, however, this may be all equitable or other interest of the complainant by virtue of any agreement between the complainant and Webster, is denied by the answer of Webster. It is hardly reasonable, it is true, to believe that the complainant would be willing, after having paid $350 on his mortgage, to have suffered his premises to be sold absolutely for the balance. But after examining the papers and gathering from them, as well as I can, the situation of the complainant, I am inclined to think that he was willing to have Webster purchase the premises in the expectation that he would convey them to the complainant upon repayment of the

money advanced by him, or at any rate for a reasonable sum. He had, undoubtedly, such an expectation, but I doubt whether it was ever reduced even to a precise verbal agreement.

It might be convenient for him to have others understand that the sale was absolute, so as to put himself on a better footing as against his judgment creditors; while as between him and Webster, it might be also convenient to have the power of resuming the property. The different aspect of the papers on each side lead me to believe that something like this was the fact. If this is the case, the complainant is entitled to but little sympathy for his failure in carrying out his plans, in which indeed he might have succeeded if Webster had not been advised that Morrison had a right to redeem by virtue of his judgements. However this may be, I hold that Morrison having acquired title without any sufficient notice of the complainant's alleged rights, is at least, in this stage of the cause, entitled to have the motion for the injunction asked for denied.

It is accordingly denied, costs to abide event.